### 17086

ROYAL CROWN BOTTLING COMPANY, INC., of Anderson, S. C., et al., Appellants, v. WILLIAM E. CHANDLER et al., Respondents. NEHI-ROYAL CROWN BOTTLING COMPANY, INC., of Spartanburg, S. C., et al., Appellants, v. WILLIAM E. CHANDLER, Jr., et al., Respondents. T. S. HARTNESS and SARA J. HARTNESS, Partners, doing business as Pepsi-Cola, 7-Up Bottling Company, Appellants, v. WILLIAM E. CHANDLER, JR., et al., Respondents. O. W. HARTNESS and GEORGE HARTNESS, doing business as 7-Up Bottling Company of West Columbia, S. C., Appellants, v. WILLIAM E. CHANDLER, JR., et al., Respondents. HARTNESS BOTTLING WORKS, Appellant, v. WILLIAM E. CHANDLER, JR., et al., Respondents. HENRY H. EDENS, Respondent, v. SAM M. LATTO et al., Appellants.

(90 S. E. (2d) 489)

414

*Messrs. Price & Poag and Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellants,*

*Messrs. Henry Hammer,* of Columbia, and *E. P. Riley,* of Greenville, *for Appellee, Henry H. Edens,*

November 15, 1955.

STUKES, Justice.

The first five of the above stated actions were instituted in Greenville County and the last stated in Richland. They were consolidated by consent and tried in Greenville County. The decision of them was reversed upon appeal to this court. 226 S. C. 94, 83 S. E. (2d) 745. The bottler-plaintiffs are residents of various counties and the respondent Edens was at the time of the commencement of the actions, and is, a resident of the City of Columbia, Richland County. The venue of the five actions against him and others in Greenville was maintained by reason of the residence there of co-defendant Chandler.

Reference to the above cited decision of the former appeal shows that it was adjudicated that Chandler has no claim against the bottlers and he is no longer interested except,

quoting, "as he may participate in the fee which may be recovered by Edens, who is the principal appellant; and this action is not concerned with the division." The mandate of the decision was that the judgment then under appeal was reversed and the case remanded to the trial court for the fixing of a reasonable fee which will be awarded to Mr. Edens, and for an accounting as recommended by the special referee.

Upon remand the present respondent, Edens, moved for a hearing in the Court of Common Pleas for Greenville County, but, upon showing by the present appellants, the resident judge disqualified himself. Thereafter Mr. Edens moved for change of venue to Richland County, his residence at the time of the commencement of the actions and now, upon that ground and that he is the "only real defendant." The motion was heard and granted by another Circuit Judge who was presiding over the Greenville Court of Common Pleas. This appeal is from his order which simply refused to set a date for the hearing of the cases and transferred them to the Court of Common Pleas for Richland County.

The argument of appellants is that the respondent was estopped from making the motion to transfer the cases to Richland County and that it follows, they assert, that the Circuit Judge abused his discretion in granting the motion and ordering the transfer. Therefore the appeal will be considered and decided on the premise, which is appellants', that the granting or refusal of the motion was within the discretion of the court. Compare on this feature, *Shelton v. Southern Kraft Corporation,* 195 S. C. 81, 10 S. E. (2d) 341, 129 A. L. R. 1280. They also argue against the propriety of the former decision of this court, which is ill-timed, to say the least. They did not petition for rehearing, which was their right, if timely exercised, perforce the provisions of Rule 17 of the court. That decision is the law of this case.

Soon after the institution of the actions against him and Chandler (and the latter's partner-brother) in Greenville County the present respondent on January 15, 1953, moved for change of venue to Richland County on the ground of his residence there, the convenience of witnesses, and the alleged promotion of the ends of justice. When that motion came on to be heard the court suggested, and all parties consented, that the Greenville actions and the Richland action be consolidated and referred to a special referee of another county, rather than to the master for Greenville County, which was done. That was, of course, before it was adjudicated that Chandler was not a real defendant. That motion and respondent's motion for hearing before the resident judge immediately after remand of the cases are claimed by appellants to constitute waiver by respondent of right to later move for transfer of the cases to Richland County. We do not think so. The motion which resulted in the order now under review was made after the Greenville defendants were effectively eliminated from the cases and rsepondent had become, in reality, the sole defendant. The situation was thus entirely changed from that which existed when respondent first moved, soon after the commencement of the Greenville actions, for change of venue. And his prompt effort to obtain hearing in Greenville upon remand by this court was thwarted by appellants' showing before the resident judge which resulted in his disqualification.

The following statement appears in appellants' brief: ■ "Since the very inception of this litigation, there has been a determined effort to get the case transferred to Columbia." This contradicts appellants' contention that respondent has estopped himself to claim, or has waived, the right to move for trial in Richland County, of which Columbia is the seat. Moreover, appellants show no prejudice to, or change of position by, them by delay in the making of the motion, which might result in estoppel. On the other hand, it is elementary that the right of a defendant to trial in the county of his residence is a valuable right and

not to be lightly denied. There is no challenge of the findings of the lower court that the cases can proceed to a conclusion just as rapidly in Richland County as in Greenville and that the appellants are from every section of the State so that Richland County is more conveniently located than Greenville to the great majority of them.

As to timeliness of the motion and change of position of the parties the case of *Rosamond v. Lucas-Kidd Motor Co., Inc.*, 182 S. C. 331, 189 S. E. 641, cited by appellants, was upon facts which distinguish it from this case. There the motion to change the venue was made in the midst of trial by jury, and was properly refused. There is no time prescribed in our statutes or rules for the making of such a motion. *Brown v. Palmetto Baking Co.*, 220 S. C. 38, 66 S .E. (2d) 417, and cases cited.

Adopting, for the purpose of this decision, appellants' premise that the question presented to the hearing judge fell within his discretion, the case is nearer akin in setting to *Hodge v. Sovereign Camp, W. O. W.*, 134 S. C. 343, 132 S. E. 822, where it was held that the defendant had waived his right to move for change of the place of trial to the county of his residence, than it is to *Halsey v. Minnesota-South Carolina Land & Timber Co.*, 168 S. C. 18, 166 S. E. 626, where the question decided was that the court of the county where the action was brought had jurisdiction to try the case despite the intervening death of the resident defendant, the remaining defendant being a foreign corporation. The question of the discretion of the court was not considered in the last cited case.

In the order under review there is aptly cited the case of *Willoughby v. Northeastern Railroad Co.*, 46 S. C. 317, 24 S. E. 308, 310, where the motion of plaintiffs for change of venue, which was made after two mistrials was granted upon the ground of convenience of witnesses and promotion of the ends of justice. In the affirming opinion this court said: "The eighth ground of appeal suggests that the plain-

tiffs, having brought this action in Williamsburg county, having named said county as the proper county for trial, having joined issue therein, and gone to trial in said county, are estopped from moving to change the place of the trial to another county. We cannot take this view of the law. The statute fixes no time at which the motion to change the place of trial shall be made. It only provides for such a change when certain facts are made to appear to the satisfaction of the circuit judge. The law, then, being silent, we cannot say that it intended to say anything."

The facts making for waiver and estoppel were far stronger in the case last cited than in this, yet they were held to be insufficient to create an estoppel or establish waiver. Likewise we conclude in this case that respondent did not waive and was not estopped to assert his right to move, after elimination of the Greenville defendants, for change of the place of trial of the actions to the county of his residence; and that the court did not err in granting the motion.

The exceptions are overruled and the order affirmed.

TAYLOR, OXNER and LEGGE, JJ., and J. WOODROW LEWIS, A.A.J., concur.