17890

Robert A. BRYAN, Respondent, v. Moses RICHARDSON and Ralph Inabinett, Appellants

(124 S. E. (2d) 731)

2

93

*Messrs. Sinkler, Gibbs & Simons,* of Charleston, *for Appellants,*

*Messrs. James P. Harrelson,* of Walterboro, and *Randolph Murdaugh* and *Clyde A. Eltzroth,* of Hampton, *for Respondent,*

March 26, 1962.

Moss, Justice.

This is an appeal from an Order of the Circuit Court granting a motion made by the respondent, Robert A. Bryan, for a change of venue from Charleston County to Colleton County, on the ground that "the convenience of witnesses and the ends of justice would be promoted by the change". Section 10-310(3), 1952 Code of Laws of South Carolina.

This action was brought by the respondent, a resident of Colleton County, against Moses Richardson and Ralph Inabinett, the appellants herein, to recover damages for personal injuries and property damage sustained as a result

of a collision between a parked automobile of the respondent and a truck and trailer owned by Ralph Inabinett and driven by Moses Richardson, agent of Inabinett, which said collision occurred near the intersection of Highway 64 and U. S. Highway 17 at Jacksonboro, in Colleton County.

The motion to change the venue from Charleston County to Colleton County was heard on July 8, 1961 by the Honorable Thomas P. Bussey, Resident Judge of the Ninth Circuit, and at this hearing both parties submitted affidavits in support of their respective positions. By Order dated July 21, 1961, Judge Bussey granted respondent's motion to change the venue to Colleton County, and this appeal followed.

This action was commenced in Charleston County on April 7, 1959, and no motion for a change of venue to Colleton County was made until April 10, 1961. The appellants concede that the record before the trial Judge was adequate to justify the change of venue on the grounds of convenience of witnesses and the promotion of the ends of justice, but assert that because of the inaction of the respondent for a period of two years, that he was guilty of laches and waived whatever statutory right he may have had to seek a change of venue. The appellants charge error and abuse of discretion on the part of the trial Judge in not refusing the motion upon this ground.

There is no time prescribed in our statutes or rules for the making of a motion for a change of venue. *Willoughby v. Northeastern Railroad Co.,* 46 S. C. 317, 24 S. E. 308; *Fishburne v. Minott et al.,* 72 S. C. 572, 52 S. E. 646; *Brown v. Palmetto Baking Co.,* 220 S. C. 38, 66 S. E. (2d) 417, and *Nehi-Royal Crown Bottling Co. et al. v. Chandler et al.,* 228 S. C. 412, 90 S. E. (2d) 489.

In the case of *Willoughby v. Northeastern Railroad Co., supra,* the motion of the plaintiffs for a change of venue, made five years after the commencement of the action and after two mistrials, was granted upon the grounds of con-

venience of witnesses and promotion of the ends of justice. Upon appeal to this Court, in the affirming opinion, it was said:

"The eighth ground of appeal suggests that the plaintiffs, having brought this action in Williamsburg County, having named said county as the proper county for trial, having joined issue therein, and gone to trial in said county, are estopped from moving to change the place of the trial to another county. We cannot take this view of the law. The statute fixes no time at which the motion to change the place of trial shall be made. It only provides for such a change when certain facts are made to appear to the satisfaction of the circuit judge. The law, then, being silent, we cannot say that it intended to say anything."

This Court, in the recent case of *Nehi-Royal Crown Botting Co et al., v. Chandler et al., supra,* reaffirmed and quoted with approval what was said in the *Willoughby case.*

Motions for a change of venue may be first made upon the call of the calendar for the term of Court for which the case is docketed for trial, *Witherspoon v. Spotts & Co. et al.,* 227 S. C. 209, 87 S. E. (2d) 477; after a mistrial, *Hunter v. D. W. Alderman & Sons Co.,* 79 S. C. 555, 61 S. E. 202; upon dismissal of a resident defendant, *Tate & Thompson v. Blakely,* 3 Hill 297; 21 S. C. L. 297; or at successive terms of Court, *Blakely & Copeland v. Frazier,* 11 S. C. 122; and after appeal to the Supreme Court resulting in elimination of one of the defendants, *Nehi-Royal Crown Bottling Co. et al. v. Chandler et al., supra. McMillan v. B. L. Montague Co.,* 238 S. C. 512, 121 S. E. (2d) 13.

It being conceded that there was no error on the part of the trial Judge in granting the respondent's motion for a change of venue on the ground that the convenience of witnesses and the ends of justice would be promoted thereby, and since the statute fixes no time at which the motion to change the place of trial shall be made, we hold that there was no abuse of discretion in granting the

change in this case, even though not made until two years after the commencement of the action.

Affirmed.

TAYLOR, C. J., LEWIS, J., and LEGGE, Acting Associate Justice, concur.

BUSSEY, J., disqualified.