**M. L. DUNKIN and Shirley Dunkin, a partnership, Plaintiffs,**

v.

**FROEHDE MOBILE HOMES, INC., Defendant.**

Civ. A. No. 7706.

United States District Court
E. D. South Carolina,
Charleston Division.

Aug. 24, 1962.

**2**

Henry B. Smythe (Buist, Buist, Smythe & Smythe) Charleston, S. C., for plaintiffs.

Edward D. Buckley (Bailey & Buckley) Charleston, S. C., for defendant.

WYCHE, District Judge (sitting by designation).

The above case is before me upon the motion of the defendant "to have the service of process on the Defendant in this action quashed on the ground that there has been no service of process on the Defendant in that the Defendant is a corporation organized and existing under the laws of the State of Indiana, and it is not engaged in business in the State of South Carolina, and the said M. L. Dunkin on whom service was attempted as an agent of the Defendant is not an agent of the Defendant and he cannot serve himself in that he is the Plaintiff, nor can his wife and partner, Shirley Dunkin, serve the said M. L. Dunkin as an agent for the Defendant in that her rights are in no way superior to the rights of the said M. L. Dunkin".

The case is also before me upon the motion of the defendant "to have the attempted service of process on the Defendant made on the Secretary of State of South Carolina and mailed to the Defendant in the State of Indiana in this action quashed on the ground that there has been no service of process on the Defendant in the State of South Carolina under the rules of Federal procedure, that Defendant is a corporation organized and existing under the laws of the State of Indiana and is not engaged in business in the State of South Carolina and its record agent for the service of process is one M. L. Dunkin, who is one of the Plaintiffs and he cannot serve himself in that he is the Plaintiff, nor can his co-Plaintiff serve him in that her

rights are co-extensive with the rights of said M. L. Dunkin. Under the Statutes of the State of South Carolina the Secretary of State is not the agent for service of process on the Defendant."

Without waiving any of its rights and subject to all motions pending in this suit the defendant filed an answer to the complaint in the action and set up two counterclaims against the plaintiffs, and the plaintiffs have filed their reply to defendant's counterclaims and denied the same.

It appears from the facts in the case that M. L. Dunkin and Shirley Dunkin, husband and wife, were partners operating a business for the sale of house-trailers and for a period of years had dealings in South Carolina, with the defendant Froehde Mobile Homes, Inc. in connection with the purchase, sale and financing of Froehde house-trailers. The plaintiffs were at that time and are now citizens and residents of the State of South Carolina. The defendant is a corporation organized under the laws of Indiana, with its principal place of business in that State. On April 13, 1953, the defendant corporation was duly domesticated in South Carolina, by filing a certificate with the Secretary of State, certifying and declaring the principal office of said corporation in the State of South Carolina, to be "M. L. Dunkin, Froehde Midwest Trailer Sales Inc., (Route 4, Box 257-A, Augusta, Georgia) North Augusta, S. C." for service of process as provided by Section 12–721, Code of Laws of South Carolina, 1952. On December 12, 1958, the place of service was changed to "5429 Rivers Ave. Charleston Heights, South Carolina". No other change has been made in the designation or place of service, nor has the designation or domestication been cancelled. The action arises out of the transaction of business between the plaintiffs and the defendant in the State of South Carolina.

On April 9, 1962, summons and complaint were served by the United States Marshal on M. L. Dunkin as defendant's designated agent for service of process.

On May 17, 1962, having obtained an extension of time in which to plead, the defendant moved to quash this service. On May 22, 1962, service was had on the defendant by having the Marshal deliver a copy of the summons and complaint to the Secretary of State of South Carolina, and a copy of the summons and complaint was forwarded by registered mail to the defendant at its principal place of business, in accordance with the provisions of Section 10–424 and/or Section 12–722, Code of Laws of South Carolina, 1952, with reference to substituted service.

█ In this case M. L. Dunkin is the *statutorily* appointed agent for service of process and not merely an agent by virtue of the work which he did; the plaintiff in this case is not M. L. Dunkin individually but a partnership in which M. L. Dunkin is only one of the partners. There is no exception in Section 12–721 that would make the service on the designated agent illegal, if the designated agent, or a partnership in which the designated agent is a member, is the plaintiff in the action in which the process is served. The statute being silent I cannot say that it intended to make such an exception. Bryan v. Richardson, 240 S. C., 92, 124 S.E.2d 731.

█ The fact that the defendant, although domesticated, is not doing business in this State at the time of service does not affect the validity of the service where there is a duly appointed agent for service of process. Section 12–722, Code of Laws of South Carolina, 1952, does not require that the defendant be doing business in this State at the time of service. The question is, was the defendant doing business in this State at the time the cause of action arose? Boney v. Trans-State Dredging Co., 237 S.C. 54, 115 S.E.2d 508, 510.

If the plaintiff partnership in this action cannot obtain service on the defendant by serving M. L. Dunkin, the statutorily appointed agent for service of process, then it would mean that anyone else could obtain service on the defendant in the State of South Carolina, by serving M. L. Dunkin, with the exception of M. L. Dunkin, or a partnership in which he was interested. I do not believe that this is the intention of the South Carolina statutes nor of the decisions of the courts.

█ The only other way in which service of process can be obtained would apparently be by service on the Secretary of State of South Carolina, in accordance with Section 10–424, Code of Laws of South Carolina, 1952. The plaintiffs have complied with this Section of the Code and have served the Secretary of State and sent a copy of the summons and complaint by registered mail to the defendant.

The defendant contends that it has complied with Section 12–721, Code of Laws of South Carolina, 1952, and has designated M. L. Dunkin as agent for service of process, and that consequently Sections 12–722 and 10–424, Code of Laws of South Carolina, 1952, do not apply. If, however, the plaintiffs in this action cannot obtain service by serving M. L. Dunkin, the defendant's designated agent for service of process, then the defendant has in effect not complied with Section 12–721 as to these plaintiffs, and, therefore, under the provisions of Section 12–722, the Secretary of State is deemed to have been designated the true and lawful agent upon whom may be served all legal process growing out of the transaction of any business in this State, and having complied with Section 10–424, the service of May 22, 1962, in my opinion, is valid.

██ I cannot say that the service of process in this case in South Carolina, upon the designated agent M. L. Dunkin, together with service of process upon the Secretary of State of South Carolina, was not sufficient notice of the suit, especially since the notice of the action was promptly communicated to the defendant. It is my opinion that the service of process under all the facts in this case is such as to make it reasonable and just according to our traditional conception of fair play and substantial justice. I, therefore, cannot say that the maintenance

of the above stated action in the State of South Carolina, involves an unreasonable or undue procedure, nor can I say that the service of process within the State of South Carolina upon the agent whose activities establish defendant's "presence" there was not sufficient notice of the suit. See, Internat. Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

It is, therefore, ORDERED, That the motions to quash the service of process on April 9, 1962, and on May 22, 1962, be and the same are hereby denied.

The above case is also before me upon motion of the defendant "that the Plaintiffs be required to make the Complaint more definite and certain" upon the grounds stated in the motion.

After hearing argument of counsel and considering the briefs filed on this motion, it is my opinion that the motion should be denied, and

It is so ordered.