**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kathleen M. Kelly, Respondent,

v.

James P. Rachels, Appellant.

Appellate Case No. 2017-000049

———————

Appeal From Lexington County
W. Greg Seigler, Family Court Judge

———————

Unpublished Opinion No. 2019-UP-283
Submitted April 1, 2019 – Filed August 7, 2019

———————

**AFFIRMED**

———————

James P. Rachels, pro se.

James W. Corley, of Columbia, for Respondent.

———————

**PER CURIAM:** James P. Rachels appeals the family court's order finding him in contempt for failing to fully satisfy his arrearage through payments to Kathleen Kelly and awarding Kelly attorney's fees. Rachels also appeals the family court's order denying his Rule 59(e), SCRCP motion and denying his motion to sanction Kelly for filing a frivolous claim. On appeal, Rachels argues the family court erred by (1) finding he was in arrears, (2) failing to find he overpaid Kelly, (3) finding he was in contempt, (4) awarding Kelly attorney's fees, and (5) denying his motion for

sanctions.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred by finding Rachels was in arears, failing to find Rachels overpaid Kelly, and finding Rachels was in contempt: *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, th[e appellate court] reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651–62 (2011) (finding this broad scope of review does not require the appellate court to disregard the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony); *Miller v. Miller*, 375 S.C. 443, 454, 652 S.E.2d 754, 759 (Ct. App. 2007) ("Contempt results from the willful disobedience of an order of the court." (quoting *Bigham v. Bigham*, 264 S.C. 101, 104, 212 S.E.2d 594, 596 (1975))); *Am. Sur. Co. v. Hamrick Mills*, 194 S.C. 221, 230, 9 S.E.2d 433, 437 (1940) ("If there [were] error in the judgment of the [s]upreme [c]ourt, it should have been corrected by means of a petition for re[]hearing."); *Royal Crown Bottling Co. v. Chandler*, 228 S.C. 412, 415, 90 S.E.2d 489, 490 (1955) (finding it would be improper to consider arguments against an opinion's propriety on a second appeal when the parties did not file a petition for rehearing on the first appeal because the first decision was the law of the case); *Atkins v. Wilson*, 417 S.C. 3, 17, 788 S.E.2d 228, 235 (Ct. App. 2016) ("Under the law-of-the-case doctrine, a party is precluded from relitigating, after an appeal, matters that were either not raised on appeal, but should have been, or raised on appeal, but expressly rejected by the appellate court." (quoting *Judy v. Martin*, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009))); *Miller*, 375 S.C. at 454, 652 S.E.2d at 759–60 ("A willful act is one which is done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law." (quoting *Widman v. Widman*, 348 S.C. 97, 119, 557 S.E.2d 693, 705 (Ct. App. 2001))).

2. As to whether the family court erred by awarding Kelly attorney's fees: *Simmons*, 392 S.C. at 414, 709 S.E.2d at 667 ("In appeals from the family court, th[e appellate court] reviews factual and legal issues de novo."); *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651–62 (finding this broad scope of review does not require the appellate court to disregard the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony); *Miller*, 375 S.C. at 463, 652 S.E.2d at 764 ("Courts, by exercising their contempt power, can award attorney's fees under a compensatory contempt theory."); *id.* ("Compensatory contempt seeks to reimburse

the party for the costs it incurs in forcing the non-complying party to obey the court's orders."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476–77, 415 S.E.2d 812, 816 (1992) (stating that when determining whether to award attorney's fees, the family court should consider the following factors: "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living"); *Blackwell v. Fulgum*, 375 S.C. 337, 346, 652 S.E.2d 427, 431 (Ct. App. 2007) (finding that when "an uncooperative spouse . . . hampers a final resolution of the issues in dispute, [this court] will not reward an adversary spouse for such conduct").

3. As to whether the family court erred by denying Rachels's motion for sanctions: *Simmons*, 392 S.C. at 414, 709 S.E.2d at 667 ("In appeals from the family court, th[e appellate court] reviews factual and legal issues de novo."); *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651–62 (finding this broad scope of review does not require the appellate court to disregard the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony); *Pee Dee Health Care, P.A. v. Estate of Thompson*, 424 S.C. 520, 529, 818 S.E.2d 758, 763 (2018) ("The [Frivolous Civil Proceedings Sanctions Act] provides an attorney or party 'shall be sanctioned for a frivolous claim or defense' if certain conditions are met." (quoting S.C. Code Ann. § 15-36-10(C)(1)(a)-(c) (Supp. 2017))); S.C. Code Ann. § 15-36-10(C)(1) (Supp. 2018) ("At the conclusion of a trial and after a verdict for or a verdict against damages has been rendered or a case has been dismissed by a directed verdict, summary judgment, or judgment notwithstanding the verdict, upon motion of the prevailing party, the court shall proceed to determine if the claim or defense was frivolous.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.